**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Daniel Casanova

    v.                                      Civil No. 10-cv-485-JD

Hillsborough County Department of
Corrections, Superintendent, et al.

**O R D E R**

Before the court is plaintiff Daniel Casanova's motion for appointment of counsel (doc. no. 41).[1] Defendants have appeared in this action and have filed their Answer (doc. no 42), but they have not objected to the motion.

This court has statutory authority to request that counsel represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1). No federal funds are available, however, to pay counsel's fees or costs in such circumstances. See Ruffin v. Brann, No. CV-09-87-B-W, 2010 WL 500827, *1 (D. Me. Feb. 8, 2010).

---

[1] Casanova also appears to be asking this court to obtain evidence from his criminal attorney, Bonnie Howard, who Casanova expects is a witness in this matter, and who has in her possession a compact disc containing evidence pertinent to Casanova's claims. To the extent Casanova is asking this court to obtain directly from Attorney Howard evidence that Casanova considers relevant to his claims, that request is denied without prejudice. Casanova is free to contact third parties directly, or he may request that the clerk issue a subpoena for him to complete and serve upon a third party, pursuant to Fed. R. Civ. P. 45.

The court, in its discretion, concludes that appointment of counsel would be appropriate in this matter, if suitable counsel were available and willing to represent Casanova without any guarantee that his or her costs and fees would be reimbursed. The factors bearing on the court's decision to grant the motion upon that contingency include:  Casanova's indigency; the nature of Casanova's state and federal claims for damages involving physical injuries; Casanova's demonstrated difficulty in expressing himself cogently and succinctly; his incarceration in Berlin, New Hampshire, which makes it difficult for him to investigate claims that arose in Manchester, New Hampshire; and the likelihood that expert testimony would be needed to establish certain elements of Casanova's claims.

Accordingly, the motion for appointment of counsel (doc. no. 41) is granted, on the condition that suitable counsel be identified, and would be available and willing to take this matter without a guarantee that counsel's costs or fees will be reimbursed.  To that end, the clerk's office shall contact suitable counsel, selected from the list of attorneys registered to file documents electronically in this court, and shall request that counsel represent Casanova in this case.  Counsel

shall be notified that she or he may decline the request, and that no federal funds are available for reimbursing costs or fees incurred in the appointment.

If the court is unable to secure counsel willing to represent Casanova in this matter by October 19, 2011, upon the condition stated herein, Casanova shall receive notice thereof.

## Conclusion

For the foregoing reasons, the motion for appointment of counsel (doc. no. 41) is GRANTED, conditioned on the availability and willingness of suitable counsel to represent Casanova, after receiving notice that no federal funds are available to pay for the appointment. The motion is DENIED without prejudice in all other respects. The court shall notify Casanova by October 19, 2011, regarding whether it has secured suitable representation for Casanova.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Date: September 19, 2011
cc: Daniel Casanova, pro se
    John A. Curran, Esq.

LBM:nmd