UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************************
| | |
|---|---|
| Daniel Casanova, Plaintiff, | * |
| v. | * |
| Hillsborough County Department of Corrections | * |
| Superintendent James M. O'Mara, Jr., | *   **No. 1:10-cv-00485-JD** |
| Nurse Denise Ryan of HCDOC Medical Dept., | * |
| Hillsborough County Dept. of Corrections, | * |
| Officer Michael Boyle, and | * |
| Officer Woodrow Weatherbee [*sic*], Defendants. | * |

*******************************************

## DEFENDANT'S FULLY ASSENTED TO PROPOSED DISCOVERY PLAN re: PLANNING MEETING MEMORANDUM & PROPOSED PRETRIAL SCHEDULE

DATE/PLACE OF CONFERENCE:   Date for pretrial conference: **October 19, 2011** (10:00 am). The parties request cancellation of this hearing, as moot, if this schedule is acceptable to the court. Counsel for the defense has exchanged email with opposing counsel relative to this filing; Attorney Vogelman assents to this proposed plan and its filing.

COUNSEL PRESENT/REPRESENTING:   For Plaintiff: Lawrence Vogelman [#10280]
                                 For Defendants:  John A. Curran [#8150]

CASE SUMMARY:  The court (McCafferty, Judge-Mag.) has previously reviewed the plaintiff's claims (prior to entry of plaintiff's counsel) and issued a report and recommendation [R&R] which has winnowed and identified the viable claims; that report has been approved and adopted by the court (Diclerico, J.).  The claims involve allegations of excessive force (and state claims of battery) against two corrections officers (related to two events/dates), deliberate indifference to serious medical needs, and *respondeat superior* (relative to state claims).

THEORIES OF LIABILITY:   The court's report and recommendation framed the theories of liability as follows: 1. Excessive force against Officer Weatherby [R&R, p. 17-18]; 2. Excessive force against Officer Boyle [R&R, p. 18-19];  3. [N.B.: Deliberate indifference/medical claims have been previously dismissed. R&R p. 20-28]; 4. Fourteenth Amendment "conditions of confinement" claim, relative to allegations of plaintiff's inability to shower or use the bathroom for 26 days, while confined to a wheelchair, asserted against Nurse Ryan and Superintendent O'Mara [R&R, p. 28-30]; 5. State assault and battery and *respondeat superior* claims against Officer Weatherby [R&R, p. 30-32].

THEORIES OF DEFENSE:  PLRA – failure to exhaust administrative remedies; Denial of factual claims; absence of elements to proceed with articulated claims, including but not limited to absence of proximate causation to claimed injuries and effects, lack of medical causation/nexus, qualified immunity (for individual defendants); penalogical interests, absence of *prima facie* and/or sufficient evidence to pursue stated claims and all defenses set forth in the respective answers to complaint;

failure of plaintiff to comply with state statutory requirements regarding "notice" and mandatory pre-requisites to suit, as well as state, statutory caps on damages relative to state claims.

DAMAGES: Plaintiff claims damages, but [as the county bore the cost of internal and external medical care], there are no known itemized medical specials (bills).
DEMAND: April 15, 2012, if any.
OFFER: June 15, 2012, if any.

JURISDICTIONAL QUESTIONS: The defendants anticipate the following defenses and corresponding motions: Application of PLRA and preemption of claim due to plaintiff's failure to properly and fully exhaust administrative remedies. Pendent jurisdiction over state claims, if summary judgment granted on constitutional claims. Damages recoverable as to the county and any official capacity and/or supervisory claims, due to statutory caps on damages relative to state claims, lack of medical causation, damages recoverable as to the supervisory and/or derivative claims, and lack of cognizable damages.

QUESTIONS OF LAW: Medical Causation (excessive force) and Application of Qualified Immunity; admissibility of "other act" evidence (as to plaintiff and defense).

TYPE OF TRIAL: **Jury.**
DISCOVERY: TRACK ASSIGNMENT:
EXPEDITED--6 MONTHS
<u>STANDARD--12 MONTHS</u>
COMPLEX--24 MONTHS

DISCOVERY NEEDED:
Give brief description of subjects on which discovery will be needed:
[a] Medical (including mental health history) of plaintiff (both before and after dates at issue).
[b] Interrogatories to and/or Depositions of parties, witnesses and experts.

MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)): Per federal rules.

ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))
*The parties should provide (a) a brief description of their proposals regarding the disclosure or discovery of electronically stored information (and/or attach a proposed order) and/or (b) identify any disputes regarding the same.*
To the extent formally sought by discovery, the parties agree to exchange any video or electronically stored mediums by exchange of DVD/CD whenever possible (and by hard copy, where such means unavailable) and [on request] provide a custodian or knowledgeable deponent to the opposing party/counsel as to any questions or issues relating to retention, access or compilation. No known disputes at this time; any such disputes will be raised by appropriate motions.

STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f))

*The parties should provide a brief description of the provisions of any proposed order governing claims of privilege or of protection as trial preparation material after production (and/or attach a proposed order).*

The parties propose that the parties must raise any claims of privilege in their discovery with a privilege log [for items existing but not produced] and counsel will attempt to resolve any such issues between themselves; any unresolved issues in this area will be submitted to the court by motion [with *in camera* submission/request, where warranted], including any proposed protective orders, all without waiver of such grounds or waivers of privacy and/or privilege.

COMPLETION OF DISCOVERY:
(1) October 1, 2012 [approximately 60 days prior to trial date according to Track] (2) Defense notes the need for early discovery relative to preliminary issues [e.g. qualified immunity & PLRA issues].

INTERROGATORIES:
A maximum of 50 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

REQUESTS FOR ADMISSION:
A maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

DEPOSITIONS:
A maximum of 6 depositions by plaintiff and 3 by [each] the defendant, not including experts. Each deposition, without exception, shall be limited to a maximum of 6 hours, unless extended by agreement of all the parties [or their counsel]; each party bears cost of same.

DATES OF DISCLOSURE OF EXPERTS & EXPERTS' WRITTEN REPORTS & SUPPLEMENTATIONS:
Plaintiff: April 15, 2012    Defendant: June 15, 2012
Supplements under Rule 26(e) due time(s)/interval(s):
Plaintiff: June 15, 2012    Defendant: July 1, 2012
Advise the court whether the parties have stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2): Defendants request the standard disclosures of 26(a)(2).

CHALLENGES TO EXPERT TESTIMONY: October 1, 2012.
OTHER ITEMS: Defense motions to dismiss and/or for summary judgment on qualified immunity, PLRA exhaustion issues, and the *prima facie* case. Potential motions for depositions of inmates, per FRCP/LR, requiring court approval.

JOINDER OF ADDITIONAL PARTIES:
Plaintiff: December 15, 2011    Defendant: March 15, 2012

THIRD-PARTY ACTIONS:    March 15, 2012
AMENDMENT OF PLEADINGS:

Plaintiff: December 15, 2011    Defendant: March 15, 2012

DISPOSITIVE MOTIONS:
To Dismiss:   March 15, 2012
Summary Judgment:  July 15, 2012

SETTLEMENT POSSIBILITIES:
(1) is likely
(2) is unlikely
(3) cannot be evaluated prior to: preliminary discovery, deposition and expert disclosures
(4) may be enhanced by ADR:
(a) Request to the court
(b) Outside source

JOINT STATEMENT RE MEDIATION:
The parties shall indicate a date by which mediation, if any, will occur: July 1, 2012.

WITNESSES AND EXHIBITS:
10 days before final pretrial conference but not less than 30 days before trial for lists (included in final pretrial statements) and 14 days after service of final pretrial statement for objections.

TRIAL ESTIMATE: 3+ days (inclusive of jury selection)

TRIAL DATE:  To be determined.  Proposed:  December 11, 2012 [from on-line trial list schedule for Judge Diclerico].

PRELIMINARY PRETRIAL CONFERENCE:  Currently scheduled for October 19, 2011; none requested, if this schedule and stipulations are acceptable to this court.

OTHER MATTERS:
Fed. R. Civ. P. 26(c) – potential protective orders and compelled releases/waivers as to medical, inmate and employment (personnel), other act evidence (privacy and security interests), penal information and/or court records of plaintiff.
FRCP 16(b) & (c), as noted herein:
(c)(4): the potential of waiving formal proof of medical and inmate files of the county and other entities (e.g. medical providers) and penal institutions.
(c) (5): Two part Summary judgment deadlines may be necessary on *inter alia* constitutional claims, as to qualified immunity.
Other suits by plaintiff: No. 1:11-cv-00193-JL, *Casanova v. Hillsborough County Department of Corrections, Superintendent* (filed 04/27/11; closed 05/23/11); No. 1:11-cv-00219-PB, *Casanova v. Ryan,* (filed 05/18/11; closed 05/24/11).

The parties request cancellation of the 10/19/11 conference upon approval of this schedule.

4

Respectfully submitted,

Hillsborough County Dept. Corrections,
Superintendent James M. O'Mara, Jr.,
Nurse Denise Ryan, HCDC Medical Dept.,
Officer Michael Boyle, and
Officer Woodrow Weatherby

By their attorneys,

CURTIN, MURPHY & O'REILLY, PC


By: John A. Curran_____
    John A. Curran (NH Bar No. 8150)
    One Tara Boulevard, Suite 309
    Nashua, NH 03062
    (603) 888-7384
Dated: October 12, 2011    jcurran@cmopc.com

## CERTIFICATE OF SERVICE

    Per local rules, I hereby certify I have previously provided a copy of this filing to opposing counsel, Attorney Lawrence Vogleman, who has provided his assent to the content and entry of this filing; a copy of this entry will be provided to counsel via ECF.

        By: _____John A. Curran_____
            John A. Curran

N:\TORT\NH\PRIMEX GOV'T CASES\HILLSBOROUGH COUNTY\Casanova D\discovery plan and planning mtg memo sept 2011.wpd