UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Daniel Casanova

    v.                                    Civil No. 10-cv-485-JD
                                          Opinion No. 2012 DNH 140

Hillsborough County
Department of Corrections, et al.

O R D E R

Daniel Casanova, proceeding pro se and in forma pauperis, brought suit against two correctional officers, the Hillsborough County Department of Corrections, and the superintendent of the Department of Corrections, alleging claims arising out of incidents during his incarceration.[1] Following preliminary review, Casanova's claims under 42 U.S.C. § 1983 against Correctional Officers Weatherby and Boyle for using excessive force and against all defendants for imposing inhumane conditions of confinement in violation of the Fourteenth Amendment were allowed to proceed. His state law battery claims against Weatherby and Boyle were also allowed. The defendants move for summary judgment.

---

[1] Casanova is now represented by counsel.

In response to the motion for summary judgment, Casanova noted that the defendants moved for summary judgment on all of his claims and that he objected to summary judgment only as to his excessive force claims under § 1983 (Counts I and II) and his state law battery claims (Counts V and VI).[2]  Based on that representation, Casanova has conceded that summary judgment should be granted in the defendants' favor on his § 1983 claim, Count IV, that challenged the conditions of his confinement.

## Standard of Review

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Material facts are "facts that might affect the outcome of the suit under the governing law."  Id. at 248.  The court considers the undisputed material facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party.  Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 29-30 (1st Cir. 2012).

---

[2]Count III was dismissed on preliminary review.

Background

Casanova was held at the Hillsborough County House of Corrections on at least two separate occasions between 2008 and 2010 as a pretrial detainee. Casanova contends that he was assaulted by Correctional Officers Weatherby and Boyle in two separate incidents. He described the incidents in his deposition testimony. Weatherby and Boyle dispute Casanova's version of events and support their versions of the incidents with their affidavits. In addition, Weatherby has submitted a copy of a videotape that shows the incident involving him.

A.  2008 Incident Involving Weatherby

With respect to the 2008 incident, Casanova testified during his deposition that he had had an ongoing dispute with another inmate whom he had known outside of jail. On November 4, 2008, Casanova went upstairs to the other inmate's cell, where he was not supposed to be. In response, Weatherby went up after Casanova, called for back up, told Casanova to get on the ground, and before Casanova could obey, Weatherby knocked him down and broke his leg. Casanova says that he was not aggressive or threatening toward Weatherby.

Weatherby states in his affidavit that he heard Casanova yelling profanity at another inmate while the protective custody inmates were out of their cells and ordered Casanova to return to his cell.  He states that Casanova did not comply and instead ran upstairs to the other inmate's cell, continuing the exchange.  Weatherby states that he waited for the other inmates to lock down and then went upstairs after Casanova.  He told Casanova to kneel down, but Casanova did not comply and instead turned and came at Weatherby in a loud and aggressive manner with his right arm raised and a clenched fist.  Weatherby states that he was unarmed with his back to the metal staircase and that he then "swept" Casanova's leg to take him down.

A videotape of the incident with Weatherby shows Casanova going upstairs to a cell with Weatherby following close behind.[3] Weatherby stopped in front of Casanova who began to turn toward Weatherby.  To the extent Casanova can be seen behind Weatherby, the video does not show him raising his right arm with a clenched fist nor does he appear to be acting in an aggressive manner toward Weatherby.  In any case, almost immediately, Weatherby knocked Casanova to the floor and was joined by other guards.

---

[3]There is no audio on the tape.

B.  <u>2010 Incident Involving Boyle</u>

The incident involving Boyle occurred on August 3, 2010, when Casanova was arrested on sex charges and was returned to the Hillsborough County Department of Correction.  Casanova testified in his deposition that during the intake procedure, Boyle told Casanova that it was funny for him to have those charges.  After Boyle had completed the photo process and Casanova had spent time in the large holding cell with other detainees, Boyle took him into a small room where Casanova was told to remove his clothes.  As Boyle was taking Casanova's shoes, Boyle said "You think this is fun?  You think this is f------ fun?" and then started attacking Casanova by kicking him.  When Casanova asked him why he was doing that, Boyle told him to "shut the f--- up" and then pushed the alarm button.  In response more guards arrived.  The attack continued with Casanova on the floor.

Boyle states in his affidavit that during intake Casanova refused to hand over his clothing as he was told to do, and instead assumed an aggressive stance and said: "You want this clothing, come and get them bitch."  Because of Casanova's conduct, Boyle activated the alarm and pinned Casanova against the wall in an effort to get him to kneel.  When another guard arrived, they were still unable to gain control over Casanova

despite striking him in the left thigh.  A third guard arrived and subdued Casanova with pepper spray.

## Discussion

In support of their motion for summary judgment Weatherby and Boyle ask the court to credit their versions of the two incidents over Casanova's versions.  They contend that their conduct, as described in their affidavits, during the two incidents did not constitute excessive force in violation of the Fourteenth Amendment or battery.  Alternatively, they contend that they are entitled to qualified immunity for the § 1983 excessive force claim and official immunity for the battery claim.  Casanova objects to summary judgment on the excessive force and battery claims.

A.  Excessive Force

A pretrial detainee is protected by the Due Process Clause of the Fourteenth Amendment from conditions of confinement that amount to punishment.  Bell v. Wolfish, 441 U.S. 520, 539 (1979). "[I]f a restriction or condition is not reasonably related to a legitimate goal - if it is arbitrary or purposeless - a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon

detainees qua detainees." Id. Therefore, "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). In evaluating whether the force used was justified or excessive, the court considers the need for force under the circumstances, the relationship between the need for force and the amount of force used, the extent of injury caused by the force used, the threat that the officer reasonably perceived, and any effort made to reduce the need for a forceful response. Hudson v. McMillian, 503 U.S. 1, 7 (1992).

Weatherby and Boyle argue that the "verified" evidence they provide in support of their motion, their affidavits along with the videotape of the Weatherby incident, establishes that they did not use excessive force in dealing with Casanova. Casanova's deposition testimony, however, is also "verified," as his testimony presumably was given under oath. Therefore, contrary to the defendants' view of the record, the "verified" evidence presented for summary judgment presents starkly different versions of what occurred during each incident.

Under the summary judgment standard, the facts must be taken in the light most favorable to Casanova's claims. If, as Casanova testified at his deposition, Weatherby knocked him to the floor before Casanova had a chance to obey his command to

kneel and broke or severely injured Casanova's leg in the fall or in the struggle that ensued, a material factual dispute exists as to whether Weatherby used excessive force.  Similarly, if Boyle attacked Casanova because he was charged with sex crimes and kicked him, a material factual dispute exists precluding summary judgment in Boyle's favor.

Weatherby and Boyle also assert that they are entitled to qualified immunity from liability on the excessive force claims. They argue that Casanova's "combative behavior" instigated each incident and that their actions taken in self defense are protected by qualified immunity.  To determine whether qualified immunity would apply, the court must decide "(1) whether a public official has violated a plaintiff's constitutionally protected right; and (2) whether the particular right that the official has violated was clearly established at the time of the violation." Raiche v. Pietroski, 623 F.3d 30, 35 (1st Cir. 2010).  "A right is clearly established if it would be plain to a reasonable officer that his conduct was unlawful in the particular factual context that he faced."  Asociacion de Periodistas de P.R. v. Mueller, 680 F.3d 70 80-81 (1st Cir. 2012).

As noted above, the facts must be taken in the light most favorable to Casanova.  Casanova testified that Weatherby knocked his leg out, injuring his leg and causing him to fall, while

Casanova was trying to comply with Weatherby's order to kneel. He testified that Boyle attacked him because of the sex charges against Casanova.

The law was clearly established before the incidents in this case "that a detainee had a constitutional right not to be punished until convicted of the charges against him . . . ." Mosher v. Nelson, 589 F.3d 488, 493 (1st Cir. 2009).  Reasonable officers in Weatherby's and Boyle's positions would not have believed they could use force against Casanova only for the purpose of hurting him or to punish him for the charges against him.  Therefore, Weatherby and Boyle have not shown that they are entitled to summary judgment based on qualified immunity.

B.   Battery

As construed on preliminary review, Casanova brings battery claims against Weatherby and Boyle and their employer.[4] Weatherby and Boyle move for summary judgment on Casanova's battery claim on the ground that their actions were justified, precluding liability as provided by RSA 627:5,I.  They also

---

[4] The defendants represent that the claims should be against Hillsborough County, rather than the Hillsborough County Department of Corrections.

assert that they are protected under the doctrine of official immunity.

RSA 627:5,I provides that "[a] law enforcement officer is justified in using non-deadly force upon another person when and to the extent that he reasonably believes it necessary to effect an arrest or detention" or to prevent an escape.  Whether the officer's belief that force was necessary and reasonable is viewed under an objective standard.  State v. Cunningham, 159 N.H. 103, 107 (2009).  As discussed above, Casanova's testimony about the incidents does not support a conclusion that the force used was reasonable or necessary under the circumstances, which precludes application of RSA 627:5,I.  See Castro v. Panica, 2012 WL 2919436, at *5 (D.N.H. July 17, 2012).

Although Weatherby and Boyle assert official immunity, they make no argument in their objection to support that theory.  Cf. Castro, 2012 WL 2919436 at *5-*6.  Therefore, the defense of official immunity will not be considered for purposes of summary judgment.  See, e.g., United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 51) is granted as to Count IV of the plaintiff's complaint and is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 14, 2012

cc: John A. Curran, Esquire
    Lawrence A. Vogelman, Esquire